FILED
2007 Nov-05 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRADLEY NEAL STEELE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 07-B-0267-NE |
| | ) |
| **SHERIFF TYLER RODEN, in his individual and official capacities as Sheriff of Cullman County, Alabama,** | ) ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 9.)[1] Plaintiff Bradley Neal Steele has sued defendant Sheriff Tyler Roden, in his official capacity as Sheriff of Cullman County and in his individual capacity, alleging various causes of action arising from defendant's failure to release plaintiff from jail. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 9), is due to be granted in part and denied in part.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

## I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73. "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on ***any*** possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte &*

*Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. STATEMENT OF FACTS[2]

On August 4, 2006, officers from the Cullman County Sheriff's Department arrested plaintiff on two counts of assault in the second degree.[3]  (Doc. 7 ¶ 8.)  Plaintiff's bond was set at $20,000.  (*Id*. ¶ 9.)  Plaintiff made arrangements for payment of the bond on August 4, 2006, by paying a bail bondsman to post his bail.  (*Id*. ¶¶ 10-11.)  However, plaintiff was not released because of a "sheriff's hold."  (*Id*. ¶ 12.)  Defendant told plaintiff's mother that he refused to release the plaintiff in order to teach him a lesson.  (*Id*. ¶¶ 12-14.)  Plaintiff was released four days later, on August 8, 2006, after he told defendant he was going to file a writ of habeas corpus.  (*Id*. ¶¶ 15-16.)

## III. DISCUSSION

### A. OFFICIAL CAPACITY CLAIMS

Defendant, in his official capacity as Sheriff of Cullman County, is immune from suit in the court pursuant to the Eleventh Amendment of the United States Constitution.[4]  The

---

[2]As noted above, when deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the allegations set forth in the Complaint as true.

[3]In Alabama, assault in the second degree is a Class C felony.

[4]The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

Eleventh Amendment prevents a federal court from exercising jurisdiction over a lawsuit against a state and its agencies, unless that state either consents to be sued or waives its immunity from such suit. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). This immunity applies to state officials, sued in their official capacity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In Alabama, a sheriff is considered a state official, and, thus, in federal court, he is immune from claims for money damages against him in his official capacity. *Id.* (citing *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989)); *see also Taylor v. Adams*, 221 F.3d 1254, 1256 (11th Cir. 2000). Plaintiff's Amended Complaint seeks only monetary damages. (Doc. 7 at 7.)

Therefore, defendant's Motion to Dismiss will be granted as to plaintiff's claims against defendant in his official capacity, and all claims against defendant in his official capacity will be dismissed.

**B. INDIVIDUAL CAPACITY**

**1. Federal Claims**

Defendant contends that plaintiff's "claim of unreasonable seizure under the Fourth Amendment due to [defendant's] failure to release him after he arranged for bail" is due to be dismissed because this claim "should be assessed under the Due Process Clause of

---

State." U.S. CONST. amend. XI.

Fourteenth or Fifth[5] Amendment." (Doc. 10 at 4 [citations omitted].) The court agrees that plaintiff's § 1983 claims, based on alleged violations of his Fourth Amendment rights are due to be dismissed. Nevertheless, plaintiff's failure to identify the correct Constitutional amendment is not a reason to dismiss his § 1983 claims "if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

The court finds that plaintiff's Complaint states a § 1983 claim based on the due process clause of the Fourteenth Amendment.

> The Fourteenth Amendment reads in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government," *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571, 92 S. Ct. 2701, 2706, 33 L. Ed. 2d 548 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient, *Hewitt v. Helms*, 459 U.S. [460,] 472, 103 S. Ct. [864,] 871 [(1983)]. The types of interests that constitute "liberty" and "property" for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than "an abstract need or desire," *Board of Regents v. Roth*, 408 U.S., at 577, 92 S. Ct., at 2709, and must be based on more than "a unilateral hope," *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465, 101 S. Ct. 2460, 2464, 69 L. Ed. 2d 158 (1981). Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it. Protected liberty interests "may arise from two sources – the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S., at 466, 103 S. Ct., at 868.

---

[5]The court notes that the due process clause of the Fifth Amendment only applies to federal actors.

5

*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). "[A] State creates a protected liberty interest by placing substantive limitations on official discretion." *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). "[T]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Id*.

Alabama law requires the sheriff to release a detainee after bail is set and posted. Ala. Code § 15-13-6(a)("the sheriff has authority, and it is his duty, to discharge such defendant on his giving bail as required"). Therefore, state law has created a liberty interest in release following the posting of bail. *See Bunyon v. Burke County*, 285 F. Supp. 2d 1310, 1321 (S.D. Ga. 2003). The court finds that plaintiff's Complaint, alleging defendant refused to release him after he had given bail, states a claim for relief based on the due process clause of the Fourteenth Amendment.

Defendant's Motion to Dismiss will be denied as to plaintiff's § 1983 claims against defendant in his individual capacity.[6]

### 2. State-Law Claims

Defendant contends that he is entitled to state sovereign immunity for the state-law claims asserted against him in his individual capacity. The court agrees.

---

[6]Defendant has not moved the court to dismiss the claims against him in his individual capacity based on qualified immunity. (*See generally* docs. 9 and 10.)

> "Suits for money damages against Alabama sheriffs and their deputies are suits against the State and prohibited by Article I, § 14. *See, e.g., Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004)(a deputy sheriff who acts within the scope of his duties is protected from negligence and wantonness claims under § 14, Ala. Const.1901); *Ex parte Purvis*, 689 So. 2d 794, 796 (Ala. 1996)(sheriffs and their deputies who act within the scope of their duties are "immune from suit under the provisions of Art. I, § 14, Alabama Constitution 1901"); *Tinney v.. Shores*, 77 F.3d 378, 383 (11th Cir. 1996)(reversing district court's failure to grant absolute immunity to sheriff and deputy and holding "the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct.")(emphasis in the original); *cf. Phillips v. Thomas*, 555 So. 2d 81 (Ala. 1989)(employee of a state-run daycare facility did not have absolute immunity from negligence claim because she was not acting within the general scope of her authority as a state employee).
>
> . . . Because sheriffs and their deputies are recognized by Alabama as the State, *see, e.g., Ex parte Blankenship*, 893 So.2d at [sic], and because Courtney is not asking the court to enjoin any of the defendants' conduct, see *Tinney v. Shores*, 77 F.3d at 383, Art. I, § 14, of the Alabama Constitution grants the defendants absolute immunity from [plaintiff's] state-law claims.

*Courtney v. Clark*, Civil Action No. 2:06cv600-MHT, 2007 WL 2786370, *3 (M.D. Ala. Sept. 24, 2007).

Under Alabama law, "a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So. 2d 497, 500-01 (Ala. 2005)(citing *Boshell v. Walker County Sheriff*, 598 So. 2d 843, 844 (Ala. 1992)); *Milton v. Espy*, 356 So. 2d 1201, 1202 (Ala. 1978).

Plaintiff contends that defendant is not protected by state sovereign immunity because he acted intentionally and deliberately. (Doc. 12 at 1-2.) Although the court recognizes that

7

Alabama law provides an exception to sovereign immunity for fraudulent acts or acts of bad faith, such exception applies only to "actions brought . . . to *enjoin* [the sheriff] from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law." *Davis*, 930 So. 2d at 501 (quoting *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994) (quoting *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987)))(emphasis added).  Plaintiff seeks money damages against defendant; he does not seek to enjoin defendant's actions. Therefore, plaintiff's claims are not subject to an exception to state sovereign immunity.

Defendant's Motion to Dismiss plaintiff's state-law claims against him in his individual capacity will be granted and such claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant is entitled to Eleventh Amendment immunity on all claims against him in his official capacity and to state sovereign immunity on all state-law claims against him in his individual capacity.  An Order granting defendant's Motion to Dismiss plaintiff's claims against defendant in his official capacity and the state law claims against him in his individual capacity and denying the Motion to dismiss as to plaintiff's § 1983 claim against defendant in his individual capacity will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 5th day of November, 2007.

      *Sharon Lovelace Blackburn*
      ————————————————
      SHARON  LOVELACE  BLACKBURN
      CHIEF UNITED STATES DISTRICT JUDGE